E-FILED
Wednesday, 25 November, 2020 02:42:09 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

CARRIE A. SLICK,

Petitioner,

v.

HENRY P. SLANE, JR., as Successor Trustee of the ROXAN SLANE REVOCABLE TRUST DATED JUNE 30, 1997, AS RATIFIED AND RESTATED ON APRIL 3, 2009 AND JULY 21, 2015,

Respondent.

Case No: 1:20-cv-01355-JES-JEH

Hon. James E. Shadid

**RESPONSE IN OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S PETITION UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(3)**

NOW COMES the Petitioner, CARRIE A. SLICK ("Carrie" or "Petitioner"), by and through her undersigned attorneys, and as and for her Response in Opposition to the Motion of Defendant Henry P. Slane, Jr., Trustee, to Dismiss Plaintiff's Petition Under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) [Doc. No. 4], states as follows:

**INTRODUCTION**

On October 30, 2020, Henry P. Slane, Jr., Trustee ("Trustee"), filed his Motion to Dismiss Plaintiff's Petition Under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) (the "Motion"). The Motion seeks dismissal of this case due to this Court's alleged lack of personal jurisdiction over Trustee and the alleged improper venue of this case in the Central District of Illinois. Despite Trustee's allegations and arguments in the Motion, this Court clearly has personal jurisdiction over Trustee. Over the last fifteen years, Trustee has regularly lived in

Illinois each summer, regularly visits Illinois for both personal and financial reasons, has retained an investment advisor who has his principal office in Chicago, Illinois and manages the Trust assets from Chicago, Illinois, and has met with his investment advisor repeatedly in Peoria, Illinois regarding the management of Trust assets. Additionally, Trustee has caused Trust assets to be mailed from Bank of America in Northbrook, Illinois, to Carrie on four separate occasions in 2020. Finally, all of the beneficiaries of the Trust reside in Peoria, Illinois.

Venue is appropriate in Illinois, as all of the beneficiaries of the Trust reside in Illinois, all Trust assets other than real property are maintained and managed in Illinois, on information and belief, and the Trust's investment advisor is located in Illinois. Additionally, Trustee is clearly not inconvenienced by travelling to Illinois, as he regularly does so to visit his daughter, and Carrie and the other beneficiaries. He most recently spent nearly a month in Peoria, Illinois, in July, 2020. Therefore, for the foregoing reasons, as more specifically discussed below, the Court should deny the relief sought in the Motion, find that this Court has personal jurisdiction over Defendant and that venue is appropriate in this judicial district.[1]

## APPLICABLE LAW

### I. Personal Jurisdiction

"A federal court sitting in diversity must rely on the law of personal jurisdiction that governs the courts of general jurisdiction in the state where the court is sitting." Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002).

> The Illinois long-arm statute extends personal jurisdiction over non-resident defendants who meet any of the conditions enumerated in the statute. 735 ILCS 5/2-209 (1992). Jurisdiction pursuant to the long-arm statute is limited to causes of action which arise out of these enumerated acts. [Citation omitted].

[1] Petitioner filed her Motion for Remand [Docs. 6 and 7] on November 11, 2020, in which Carrie seeks remand on the basis of lack of subject-matter jurisdiction. Carrie asserts that this Court does not need to address the Motion to Dismiss because the Court lacks subject-matter jurisdiction to rule on the issues raised in the Motion.

Sub-Micron Systems v. Sub-Micron Surfacing, 1993 U.S. Dist. LEXIS 17628, at *10-11 (N.D. Ill. 1993).

The relevant provisions of the Illinois long-arm statute are as follows:

> (a) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:
>
> (1) The transaction of any business within this State;
>
> (2) The commission of a tortious act within this State;
>
> *****
>
> (7) The making or performance of any contract or promise substantially connected with this State;
>
> *****
>
> (10) The acquisition of ownership, possession or control of any asset or thing of value present within this State when ownership, possession or control was acquired;
>
> (11) The breach of any fiduciary duty within this State;
>
> *****
>
> (c) A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States.

735 ILCS §5/2-209 (Lexis 2020).

Regarding the "catch-all" provision in subsection (c) of the long-arm-statute, this Court has noted as follows:

> The Illinois long-arm statute, 735 ILCS 5/2-209,... was amended in 1989 to make Illinois law coextensive with minimum due process requirements. [Citations omitted]. Thus, analysis can be limited to whether asserting jurisdiction over Mr. Read satisfies

> due process requirements under the Illinois and United States Constitutions. [Citations omitted].

Obermeyer v. Gilliland, 873 F. Supp. 153, 156 (C.D. Ill. 1995).

Regarding establishing facts in support of personal jurisdiction, this Court has recently stated as follows:

> A complaint need not recite facts alleging personal jurisdiction. [Citation omitted]. "However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." [Citation omitted]. A defendant may support his motion with affidavits. [Citation omitted]. If he does so, the plaintiff "must similarly submit affirmative evidence." [Citation omitted]. When the court relies only on the written submissions, a plaintiff "need only make out a prima facie case of personal jurisdiction." [Citation omitted]. Under this standard, all conflicts in the affidavits or supporting materials will be resolved in the plaintiff's favor. But "any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff" are accepted as true. [Citation omitted].

Bradford Victor-Adams Mutual Insurance Co. v. Electrolux Home Products, No. 4:18-cv-04167-SLD-JEH, 2019 U.S. Dist. LEXIS 131228, at *2-5 (C.D. Ill. Aug. 6, 2019).

## II. Proper Venue

28 U.S.C. §1391 states as follows:

> (b) **Venue in general**. A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 USC § 1391 (Lexis 2020).

"When a defendant challenges venue, the plaintiff bears the burden of establishing proper venue." Allstate Life Insurance Co. v. Stanley W. Burns, Inc., 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015). "In deciding a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), all allegations are taken as true, unless contradicted by the defendant's affidavits and the court may consider facts outside the pleadings." Id. *citing* Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801, 806 (7th Cir. 2011)."Courts must resolve any conflicts in the affidavits regarding relevant facts in the plaintiff's favor. Id. at, 875.

**FACTS**

1. Carrie is one of the beneficiaries of the Roxan Slane Revocable Trust ("Trust"). The grantor of the Trust is her mother, Roxan Slane ("Roxan"). (28 U.S.C. §1746 Declaration of Carrie Slick, attached hereto and hereinafter referred to as Exhibit 1, ¶2).

2. Carrie resides, and has resided for approximately 20 years, at 3515 W. Capitol Drive, Peoria, Illinois ("Slick Residence"). (Ex. 1, ¶3).

3. Carrie's daughters, Andrea L. Slick ("Andrea") and Devyn L. Slick ("Devyn") also reside in Peoria, Illinois. (Ex. 1, ¶4).

4. Andrea resides at the Slick Residence. (Ex. 1, ¶5).

5. Andrea and Devyn are the grandchildren of Roxan and are the other two beneficiaries of the Trust, in addition to Carrie. (Ex. 1, ¶6).

6. Henry P. Slane, Jr., successor trustee of the Trust ("Trustee"), resided in Peoria, Illinois until the late 1980s. (Ex. 1, ¶7).

7. Trustee regularly spent his summers living in Peoria, Illinois with Roxan from the approximately 2005 through 2018. (Ex. 1, ¶8).

8. During those summers, Trustee and Roxan would regularly spend time with Carrie, Andrea and Devyn. Trustee and Roxan would often come back throughout the year for special occasions, such as birthdays, holidays, etc. (Ex. 1, ¶8).

9. Scott J. Munkvold of Financial Solutions Advisory Group, the financial advisor who manages the Trust assets contained in the Charles Schwab account referenced in the Motion, works in Chicago, Illinois. (Ex. 1, ¶9).

10. Over approximately the last ten years, Trustee and Roxan would meet with Scott Munkvold and his partner, Mark Soehn, to review their holdings, including the assets of the Trust. (Ex. 1, ¶10).

11. Presently, Trustee continues to visit his daughter in Illinois. (Ex. 1, ¶11).

12. Trustee was in Peoria, Illinois to bury Roxan in July, 2020, for approximately 2-4 weeks. (Ex. 1, ¶12).

13. Since Roxan's death, Trustee and/or Scott Munkvold's office in Chicago, Illinois, directed four separate distributions to be made from the Trust's Charles Schwab account to Carrie as beneficiary of the Trust. These distributions were made in March, 2020, April, 2020, May, 2020 and June, 2020. Each of these distributions from the Trust was in the amount of $4,000.00 and was mailed via U.S. Mail from Charles Schwab's Bank of America Commercial Disbursement Account located in Northbrook, Illinois to the Slick Residence. Copies of the check stubs are attached to Exhibit 1 as Exhibit A. A copy of the June 1, 2020 check that Carrie received is attached to Exhibit 1 as Exhibit B. (Ex. 1, ¶13).

14. On information and belief, all of the personal property of the Trust that is located in the Charles Schwab account established in Illinois, continues to be managed in Chicago, Illinois. (Ex. 1, ¶14).

## ARGUMENT

**I. The Motion should be denied because the Court has personal jurisdiction over Trustee.**

The Motion should be denied because, as evidenced by the facts contained in the Petition and in the Declaration of Carrie A. Slick, it is clear that Trustee has submitted himself to the jurisdiction of this Court. First, pursant to 735 ILCS 5/2-609(a), this Court has personal jurisdiction over Trustee if he transacted business within Illinois, committed a tortious act within Illinois, made or performed on any contract or promise substantially connected with Illinois, acquired ownership, possession or control of an asset of value located within Illinois when ownership, possession or control was acquired, and/or breached any fiduciary duty within Illinois. *See* 735 ILCS §5/2-609(a). The relevant facts as to a determination of personal jurisdiction pursuant to subparagraph (a) are as follows:

- A significant amount of the Trust assets over which Trustee has control are located in Illinois. (Facts, ¶14);
- Scott Munkvold, of Financial Solutions Advisory Group, the investment advisor who manages the Trust assets contained in the Charles Schwab account referenced in the Motion, manages such assets from his office located in Chicago, Illinois (Facts, ¶9);
- Pursuant to Section 6.2 of the Trust, Scott Munkvold, along with another individual, is expressly responsible for choosing a successor trustee (Petition, Ex. A);
- Trustee has regularly spent the summers in Peoria, Illinois over the last approximately fifteen years (Facts, ¶7);
- When Trustee became trustee of the Trust, the Trust assets in the Charles Schwab account were located in Illinois (and, on information and belief, still remain in Illinois) (Facts, ¶14);
- Trustee regularly conducted business with respect to the Trust in Illinois when he and Roxan met with his investment advisors, Scott Munkvold, and his partner, Mark Soehn, in Peoria, Illinois throughout the last decade to discuss financial matters, including the Trust assets (Facts, ¶10);

- Trustee was most recently in Peoria, Illinois throughout the month of July, 2020 (Facts, ¶12);
- All of the beneficiaries to whom Trustee owes fiduciary duties under the Trust reside in Peoria, Illinois;
- Since Roxan's death, Trustee and/or Scott Munkvold's office in Chicago, Illinois, directed four separate distributions to be made from the Trust's Charles Schwab account to Carrie as beneficiary of the Trust. These distributions were made in March, 2020, April, 2020, May, 2020 and June, 2020; (Facts, ¶13); and
- Each of the aforementioned distributions from the Trust was in the amount of $4,000.00 and was mailed via U.S. Mail from Charles Schwab's Bank of America Commercial Disbursement Account located in Northbrook, Illinois to the Slick (Facts, ¶13).

The aforementioned relevant facts clearly establish that Trustee subjected himself to the jurisdiction of this Court by doing business related to the Trust in Illinois, contracting with investment advisors in Illinois to manage the Trust, and acquiring control of Trust assets that were, and still remain, located in Illinois. Additionally, Trustee's meetings with Scott Munkvold and his partners in Peoria, Illinois further establish Trustee's business activities with respect to the Trust in Illinois. Also, Trustee's directing of Trust funds to be mailed from Bank of America to Carrie in Peoria, Illinois further solidifies this Court's ability to exercise personal jurisdiction over Trustee. Finally, while Carrie has not yet specifically asserted a cause of action against Trustee relating to his fiduciary duties to the Trust, Trustee's behavior with regards to the Trust assets up to this point makes it highly likely that Carrie may be forced to file a breach of fiduciary claim against Trustee, placing issues of tortious conduct of Trustee, and breach of fiduciary duty by Trustee, before this Court. The fiduciary duties at issue are owed to the beneficiaries of the Trust, all of whom are Illinois residents. (Facts, ¶¶2-3). [2]

[2] Presently, Carrie is still unsure of exactly what Trust assets exist, and where all of the Trust assets are located. Carrie was originally informed by Trustee's New Mexico attorney that it was unclear what, if any, assets are owned by the Trust. Carrie was subsequently informed by Trustee's New Mexico attorney that Trust property included

Second, the relevant facts referenced above also establish a basis for this Court exercising personal jurisdiction over Trustee pursuant to 735 ILCS §5/2-209(c). Subparagraph (c) is the "catch-all provision" of the Illinois long-arm statute that allows the Court to exercise personal jurisdiction over a nonresident defendant so long as the defendant has contact with Illinois sufficient to satisfy federal and Illinois due process.

> The Illinois long-arm statute contains a "catch-all provision" stating: "A court may . . . exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States[,]" 735 ILCS 5/2-209(c). [Citation omitted]. "[W]hen . . . a plaintiff argues that personal jurisdiction is proper under subsection (c) of the Illinois long-arm statute, the sole issue before the court is whether the nonresident defendant's connection or contact with Illinois is sufficient to satisfy federal and Illinois due process." [Citation omitted].

U.S. Conveyor Technologies Manufacturing v. New England Quality Service, 2019 U.S. Dist. LEXIS 6899, at *6-7 (C.D. Ill. 2019).

Trustee cannot regularly conduct Trust-related business in Illinois, live his summers in Illinois, use investment advisors solely located in Illinois to manage the Trust, and direct Trust assets to be sent from Illinois financial institutions to Carrie in Illinois, and then expect to avoid being subject to personal jurisdiction in this District. Frankly, the actions of Trustee support a finding that Trustee has been administering the Trust from Illinois more regularly than he has allegedly administered it from New Mexico. Clearly, Trustee's connection with Illinois is sufficient to satisfy both federal and Illinois due process, and Trustee is subject to the jurisdiction of this District.

Given the facts and applicable law, the Court clearly has personal jurisdiction over Trustee and the Motion should be denied.

---

some personal property and a one-half interest in certain real property located in New Mexico. Most recently, Carrie was informed by Trustee's attorneys in this action that the Trust assets currently exceed$2,200,000.

**II. The Motion should be denied because venue in this Court is proper under Section 1391(b).**

Despite Trustee's contention to the contrary, venue is also clearly appropriate in this Court because this is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S. §1391(b)(2) (Lexis 2020). Notably, while Carrie bears the burden of establishing that venue in the Central District of Illinois is proper, "[c]ourts must resolve any conflicts in the affidavits regarding relevant facts in the plaintiff's favor. Allstate Life Insurance Co. v. Stanley W. Burns, Inc., 80 F. Supp. 3d 870, 875 (N.D. Ill. 2015), *citing* Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003)." The facts that all of the beneficiaries of the Trust reside in Peoria, Illinois (Facts, ¶3), that significant Trust assets are located in Illinois (Facts, ¶13-14), that Scott Munkvold manages the Trust assets from his office in Illinois, and has done so over at least the past decade, and that Trustee regularly spends time in Peoria, Illinois, all favor venue in this District. Additionally, while Trustee is the defendant in this case, he is the **only** connection to New Mexico involved in the administration of this Trust. If this case is dismissed, and Carrie is forced to file a new Petition in New Mexico, it would create a significant inconvenience to all parties and witnesses other than Trustee. Trustee, meanwhile, would not be inconvenienced in any way by maintaining venue in this District, given his extensive Illinois contacts and frequent visits to Peoria, Illinois. Therefore, this Court should find that venue is appropriate in this Court, and deny the Motion.

**CONCLUSION**

Carrie respectfully submits that this Court can exercise personal jurisdiction over the defendant Trustee and that venue is appropriate in this Court. Alternatively, Carrie respectfully requests that this Court allow Carrie to conduct discovery in order to provide additional evidence

in support of personal jurisdiction and venue. For these reasons, Slick requests that the Court deny the relief requested in the Motion.

WHEREFORE, Petitioner Carrie A. Slick respectfully requests that this Honorable Court deny the relief requested in the Motion to Dismiss, and awards Petitioner Carrie A. Slick such other and further relief as is deemed appropriate under the circumstances.

Respectfully submitted,

CARRIE A. SLICK,
Petitioner

By: /s/ Lane G. Alster
One of her attorneys

Janaki Nair (jnair@emrslaw.com)
Lane G. Alster (lalster@emrslaw.com)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois 61602
Telephone: (309) 637-6000
Facsimile: (309) 637-8514
420-0377

**CERTIFICATE OF ELECTRONIC FILING**
**AND CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on November 25, 2020, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

/s/ Lane G. Alster
Attorney

Janaki Nair (jnair@emrslaw.com)
Lane G. Alster (lalster@emrslaw.com)
Elias, Meginnes & Seghetti, P.C.
416 Main Street, Suite 1400
Peoria, Illinois 61602
Telephone: (309) 637-6000
Facsimile: (309) 637-8514