**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| CARRIE A. SLICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1355-JES-JEH |
| | ) | |
| HENRY P. SLANE, JR., as successor | ) | |
| trustee of the ROXAN SLANE | ) | |
| REVOCABLE TRUST DATED JUNE | ) | |
| 30, 1997, AS RATIFIED AND RESTATED | ) | |
| ON APRIL 3, 2009 AND JULY 21, 2015, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |
| HENRY P. SLANE, JR., as successor | ) | |
| trustee of the ROXAN SLANE | ) | |
| REVOCABLE TRUST DATED JUNE | ) | |
| 30, 1997, AS RATIFIED AND RESTATED | ) | |
| ON APRIL 3, 2009 AND JULY 21, 2015, | ) | |
| | ) | |
| Counter-Claimant, | ) | |
| | ) | |
| v. | ) | |
| CARRIE A. SLICK, ANDREA L. SLICK | ) | |
| and DEVYN SLICK KAPRAUN, | ) | |
| | ) | |
| Counter-Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on the Motion of Plaintiff Carrie Slick, and Counter-

Defendants Carrie Slick, Andrea Slick and Devyn Slick Kapraun to Remove Henry P. Slane, Jr.

As Trustee of the Roxan Slane Revocable Trust (Doc. 34). Defendant/Counter-Plaintiff Slane has

filed a Response and objection, asserted in both his individual capacity and capacity as trustee.

Plaintiff/Counter-Defendants, with leave of Court, have filed a Reply. For the reasons set forth

below, (Doc. 34) is GRANTED.

1

**BACKGROUND**

Plaintiff Carrie Slick is proceeding against Defendant Slane as Trustee of the Revocable Trust of Roxan Slane, Plaintiff's Mother and Defendant's late wife. Plaintiff Slick initially filed her complaint in state court in Peoria County, requesting an accounting by Slane of the assets of the Trust and a distribution of the Trust assets to Plaintiff and her daughters, Andrea L. Slick and Devyn Slick Kapraun, identified under Article III Section 3.2 of the 2015 Trust Agreement as the beneficiaries. Defendant Slane, a citizen of New Mexico, removed the matter to the federal court in the Central District of Illinois asserting diversity of citizenship. Slane thereafter filed a motion to dismiss, claiming that this Court did not have personal jurisdiction over him and that venue in the Central District was improper.

The Court denied the motion to dismiss, directing the parties to engage in limited discovery as to the personal jurisdiction issue. Defendant was given leave to reassert his jurisdictional defense at the close of discovery. On August 16, 2021, counsel informed the Court that Defendant would not renew his motion to dismiss, apparently abandoning any objection to this Court's personal jurisdiction. Defendant thereafter answered the complaint in his individual capacity and as trustee, asserting affirmative defenses and a 3-part counterclaim against the named beneficiaries Carrie Slick, Andrea L. Slick and Devyn Slick Kapraun (collectively Slicks).

In the counterclaim, Defendant Slane requests, in part, a declaratory judgement that Slane is the sole beneficiary of the Trust, with Slicks as presumptive remainder beneficiaries. Slane acknowledges that while he was not named a beneficiary, he believes the "Gift to Spouse" clause in Section 3.2 of the Trust confers on him the status of beneficiary with Slicks as remainder beneficiaries which no right to a distribution until Slane's death. (Doc. 1-1 at 3–4). Slane admits,

2

however, that section 3.2 contains "scrivener's errors," which do not accurately reflect Roxan's intent. (Doc. 23 at 6).

Slane's counterclaim further requests a reformation of the Trust to identify Slane as the sole beneficiary; and a declaratory judgment that the majority of the Trust assets are actually Slane's personal inherited property and should be turned over to him. The Slicks have filed a Motion to Dismiss the Counterclaim and a Motion to Remove Slane as Trustee, the subject of this order.

The Trust in question was formed in 1997 with Roxan Slane as the testator, and Roxan and Slane, serving as co-trustees. Roxan died on December 18, 2019, leaving her surviving spouse, Slane, as the sole trustee. Slicks assert that Slane must be removed for two reasons. First, that in filing the counterclaim, Slane has taken a position adverse to the trust. That is, that a significant portion, if not all of the trust property, is from his own inherited assets and should be disgorged. While Slane asserts that Slicks' assertions "smacks of histrionics," he offers only a scant paragraph in response. There, he claims that the counterclaim is necessary to provide clarification as to: "1) who is the current beneficiary [of the Trust], and 2) what assets should be included." (Doc. 40 at 8). Slane does not directly dispute that the remedy he seeks is antagonistic to the interest of Slicks, the named beneficiaries.

Slicks also assert that Slane should be removed as he has inconsistently represented the value of the trust, failed to provide an accounting, misrepresented the situs of the administration of the trust, misrepresented his contacts with the State of Illinois, and otherwise acted in a manner which renders him unfit to act. The Court had considered these claims in its Order on Slane's Motion to Dismiss and, in part, found a basis for these concerns. (Doc. 18). There it noted in part, that in July 2020, counsel for Slane sent correspondence questioning whether the

Trust owned any assets at all. (Doc. 7 at 9). In later correspondence, counsel identified some assets, including at least a portion of an $800,000 sale of real estate while, in his Notice of Removal, Slane estimated the value of the Trust at around $2,200,000. Slane has since advanced the counter claim that these funds represent his own inherited assets and should be disgorged from the trust.

Slane responds that it would be premature for the Court to remove him as the parties are currently engaged in discovery, asserting that a more complete record is needed before the Court rules on the motion. Slane explains any perceived lapse in the delegation of his duties resulted from unavoidable confusion due to the poor drafting of the Trust Agreement and problems interpreting it. He indicates in fact, that he has a legal malpractice case pending in another forum against the attorney who drafted the document.

Slane asserts that it was Roxan's intent that he remain as trustee, an intent which should not be easily discounted. Slane cites caselaw to support that substantial weight must be afforded to a testator's choice of trustee and that the removal of a trustee is a drastic measure. (Doc. 40 at 3) (citing *Laubner v. JP Morgan Chase Bank, N.A.*, 386 Ill. App. 3d 457, 467, 898 N.E.2d 744, 753–54 (2008)). Slane also protests that Slicks' allegations as to his allegedly poor behavior are greatly exaggerated. However as noted, the Court, too, had concerns with this behavior.

Slane also insists that a ruling cannot be made until the choice of laws issue is decided; whether the law of New Mexico or Illinois should apply. Slicks have asserted, on information and belief, that the Trust is administered from Illinois and the Trust property located here, so Illinois law should govern. Slicks assert that even if it were otherwise, New Mexico and Illinois statutes regarding the removal of a trustee are identical, rendering it unnecessary to decide the choice of laws issue prior to a ruling.

## LEGAL STANDARD

Slicks cite the Illinois Trust Code 760 ILCS §3/706, which follows the Uniform Trust Code, a model law, used by many states including Illinois and New Mexico.[1] Section 3/706 provides, in part, that a trustee may be removed on a motion of a beneficiary. Valid reasons for removal include:

(a) A settlor, a co-trustee, or a qualified beneficiary may request the court to remove a trustee, or a trustee may be removed by the court on its own initiative.

(b) The court may remove a trustee if:

(1) the trustee has committed a serious breach of trust;

(2) lack of cooperation among co-trustees substantially impairs the administration of the trust;

(3) because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust and the interests of the beneficiaries; or

(4) there has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with any material purpose of the trust, and a suitable co-trustee or successor trustee is available.

(c) Pending a final decision on a request to remove a trustee, or in lieu of or in addition to removing a trustee, the court may order such appropriate relief under subsection (b) of Section 1001 [760 ILCS 3/1001] as may be necessary to protect the trust property or the interests of the beneficiaries.

Illinois also provides a remedy under 760 ILCS §3/1001, which authorizes a court to appoint a special fiduciary to take possession of the trust property and administer the trust; suspend the trustee; or remove the trustee. Slicks have requested all alternative forms of relief.

Slicks have cited the New Mexico statute regarding the removal of a trustee, N.M. Stat. Ann. § 46A-7-706 (West). The New Mexico statute, also based on the Uniform Trust Code, is

---

[1] https://en.wikipedia.org/wiki/Uniform_Trust_Code. Last visited June 29, 2022.

identical to the Illinois statute. It provides that a beneficiary may request the removal of a trustee

for the same reasons enumerated in 760 ILCS §3/706.

### DISCUSSION

While Slane cautions that a ruling on the motion for removal should not be made prior to

a choice of laws determination, this inquiry is not necessary where there is no conflict between

the relevant statutes of the states at issue, New Mexico, and Illinois. *See Sterling Fed. Bank,*

*F.S.B. v. Credit Suisse First Boston Corp.*, No. 07-2922, 2008 WL 4924926, at *3 (N.D. Ill. Nov.

14, 2008) (quoting *Barron v. Ford Motor Co.,* 965 F.2d 195, 197 (7th Cir. 1992)). "[B]efore

entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there

actually is a difference between the relevant laws of the different states. Recognizing the wisdom

of the Seventh Circuit's advice, the Illinois Supreme Court has stressed that '[a] choice-of-law

determination is required only when a difference in law will make a difference in the outcome.'"

(internal citations omitted). As the statutes of the two states are identical, the Court will go on to

consider Slicks' motion to remove Slane as trustee.

The Court has previously found Slane had failed to provide an accounting, and had

provided little, and then conflicting, information regarding the trust assets. As noted, Slane has

since filed a counterclaim requesting reformation of the Trust; a declaration that the Trust assets

are largely his own personal property; and a declaration that he is the sole beneficiary of the

Trust, with Slicks as residual beneficiaries.

In *Ropp v. Ropp, Tr. of Donald Lee Ropp, Sr., Living Tr. u/t/a 12/12/2007*, 3-20-0196,

2021 WL 4932562, at *3 (Ill. App. Ct. 3d Dist. Oct. 20, 2021), *appeal denied sub nom. Ropp v.*

*Ropp*, 184 N.E.3d 1003 (Ill. 2022), the court suspended a trustee pursuant to §760 ILCS 3/706,

finding, in part, that the trustee had undertaken efforts to disinherit other beneficiaries, for his

own benefit. The Court also found "serious breaches of trust, including but not limited to breaching his [trustee's] statutory duty to account; breaching his statutory duty to keep adequate records and segregate trust assets; breaching his statutory duty of impartiality; and self-dealing."

Here, the Court similarly finds that Slane presents an unwillingness to effectively administer the Trust as he seeks to divest it of assets to the detriment of the named beneficiaries; and has not been forthcoming in providing an accounting or identifying the location or assets of the Trust. *See Bogert's The Law of Trusts and Trustees* § 519. Removal of trustees:

> When in the course of the administration of a trust it becomes apparent that the trustee cannot, in fairness to the beneficiaries, be allowed to continue as trustee, the trustee may be removed. The question for the court will be whether the continuance of the trustee in office will be detrimental to the trust, and whether appointment of a different trustee would be in the best interests of the beneficiaries.

Accordingly, pursuant to § 3/706(b)(3), "the court determines that removal of the trustee best serves the purposes of the trust and the interests of the beneficiaries." It could further be argued that Slane's counterclaim represents a substantial change of circumstances which, coupled with a request that he be removed, made on behalf all of the qualified beneficiaries, comes under the auspices of §3/706(b)(4), provided a suitable co-trustee or successor trustee is available.

The Trust Agreement ratified on July 21, 2015, provides for successor co-trustees in the event that both Roxan and Slane "fail or cease to act as trustee and another trustee is not then serving…" (Doc. 1-1 at § 6.2). Under this provision, Carrie Slick and a corporate entity would be appointed as co-trustees. Here, however, Slane claims that he is the proper beneficiary, not Carrie Slick or her daughters. Due to this conflict, the Court finds it advisable, pursuant to 760 ILCS §3/1001, to appoint a special fiduciary to take possession of the trust property and administer the trust until these issues are resolved, or upon further order of the Court.

7

**CONCLUSION**

The Court finds cause to remove Slane as trustee pursuant to the Court's authority under 760 ILCS §3/1001. Slane is relieved of his office as of this date and is to take no further action in regard to the trust. Slane is ordered, however, to cooperate with the individual who is to be appointed as a special fiduciary as necessary for the transition..

As Slane no longer serves as trustee, the capacity in which he was named in Carrie Slick's complaint, he does not have the authority to provide the requested relief; an accounting and distribution of the trust assets. Plaintiff Carrie Slick is given 14 days in which to act or otherwise inform the Court as to whether, or how, she intends to proceed in this case. Slane, acting in his individual capacity, will have 14 days thereafter in which to respond. A ruling on the Counter-Defendants' Motion to Dismiss the Counterclaim (Doc. 32) is RESERVED.

For the reasons set forth above:

1.      Plaintiff and Counter-Defendants' Motion to Remove Henry Slane, Jr. as Trustee of the Roxan Slane Revocable Trust (Doc. 34) is GRANTED, effective immediately. Slane is to cooperate with that individual still to be appointed as a special fiduciary;

2.      The Court will, pursuant to 760 ILCS §3/1001, appoint a special fiduciary to take possession of the trust property and administer the trust. The parties are, within 21 days, to identify to each other several prospective special fiduciaries qualified take this office and are encouraged to reach an agreement on this issue. If they are unable, they are within 28 days to submit the name or names of their proposed special fiduciary or fiduciaries and their objection to those identified by the other.

3.      Counter-Defendants' Motion to Dismiss the Counterclaim (Doc. 32) is RESERVED.

8

Signed on this 11th day of July, 2022.


                              s/James E. Shadid
                            JAMES E. SHADID
                    UNITED STATES DISTRICT JUDGE